[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15595
This administrative appeal, brought pursuant to General Statutes §§ 1-211(d) [now § 1-206 (d)] and 4-183, by the plaintiffs, Arthur J. Rocque, Jr., Commissioner of Environmental Protection and the State of Connecticut, Department of Environmental Protection ("DEP"), questions a decision of the Freedom of Information Commission ("FOIC"). DEP claimed that certain information in a personnel investigation alleging sexual harassment was exempt from disclosure as personnel files constituting an invasion of privacy. The FOIC concluded that the disputed information was subject to disclosure. The issue presented here, whether the identity of the complainant and sexually explicit other information concerning the complainant in a sexual harassment investigation are exempt from disclosure under General Statutes § 1-210 (b)(2) [formerly § 1-19 (b)(2)], evidently has not been subject to previous judicial scrutiny.
The undisputed factual background is as follows. On May 27, 1998, a reporter for the Hartford Courant ("Courant"), Daniel Jones, submitted a written Freedom of Information Act ("FOIA") request to DEP which sought all documents concerning a sexual harassment investigation of a DEP manager. DEP informed the Courant that the request was being evaluated for possible exemptions from disclosure and that a further response would be forthcoming. Thereafter, DEP provided the Courant with a response, indicating that the documents were being withheld from disclosure. On July 1, 1998, the Courant filed a complaint with the FOIC seeking the disclosure of the documents.
Shortly after the written FOIA request, DEP had determined that under General Statutes § 1-20a(b) [now § 1-214 (b)], there was a reasonable belief that the disclosure of the records in question would constitute an invasion of privacy and in accordance with that statute, provided notice to each of the employees involved, including the complainant in the sexual harassment matter, of the ability of each employee to object to the disclosure of the records. Each employee, including the complainant, submitted a timely written objection to the disclosure of the records by DEP. DEP then informed the Courant that it intended to withhold the documents. General Statutes §1-20a(b) [now § 1-214 (b)], provides that whenever a public agency receives a request for records and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall notify each CT Page 15596 concerned employee in writing. General Statutes § 1-20 (a)(c) [now § 1-214 (c)], provides, in pertinent part: "Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested records unless ordered to do so by the Freedom of Information Commission.
On September 10, 1998, a contested hearing was conducted before a hearing officer for the FOIC. The hearing officer issued a proposed final decision on October 14, 1998. Thereafter, on November 18, 1998, the FOIC rendered its final decision. This administrative appeal to the Superior Court followed.
Here, the plaintiffs argue that the final decision of the FOIC failed to properly apply the legal standard for determining which records come within the invasion of personal privacy exemption in that the final decision failed to shield from public disclosure the identity and information concerning the complainant in a sexual harassment investigation conducted by the plaintiffs.[1]
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . . This limited standard of review dictates that, [w]ith regard to questions of fact, it is not the function of the trial court. to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Citations omitted; internal quotation marks omitted.) NewEngland Cable Television Assn., Inc. v. DPUC, 247 Conn. 95, CT Page 15597 117-18 (1998).
"Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . An agency's factual and discretionary determinations are to be accorded considerable weight by the court. . . . Cases that present purequestions of law, however, invoke a broader standard of reviewthan is ordinarily involved in deciding whether, in light of theevidence, the agency has acted unreasonably, arbitrarily,illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . It is for the courts,and not administrative agencies, to expound and apply governing principles of law. . . ." (Brackets omitted; citations omitted; emphasis in original; internal quotation marks omitted.) Assn. ofNot-for-Profit Providers for the Aging v. Dept. of SocialServices, 244 Conn. 378, 389 (1998).
In the present case, the underlying claim involved a complaint about sexual harassment filed by an employee of DEP against a DEP manager. The records in question here are notes and tape recordings of interviews conducted during the investigation process of the sexual harassment complaint. This court has conducted an in camera review of those records, which will remain sealed in the file pending appellate review of this decision.
General Statutes § 1-19 (b)(2) [now § 1-210 (b)(2)] provides that "[p]ersonnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . ." are exempted from mandatory disclosure. The statute requires a two part inquiry. First, the party who is asserting the exemption must prove that the file qualifies for inclusion into one of the three categories: personnel, medical, or similar file. Second, the moving party must show that disclosure of the record would constitute an invasion of personal privacy. Connecticut Alcohol and Drug Abuse Commission v. Freedomof Information Commission, 233 Conn. 28 (1995). In its final decision, the FOIC found that the notes and tape recordings at issue were personnel, medical or similar files within the meaning of the statute. (Return of Record ("ROR"), p. 95, ¶ 13.) That finding is not a subject of this appeal. The dispute here is whether the disclosure of the records would constitute an invasion of personal privacy. An invasion of personal privacy CT Page 15598 occurs when the information disclosed is highly offensive to a reasonable person and is not of legitimate public concern.Perkins v. Freedom of Information Commission, 228 Conn. 158, 175
(1993); see also 3 Restatement (Second), Torts § 652D (1997). In Perkins, a taxpayer's association had requested information regarding the number of sick days taken by Perkins, a school psychologist. The school district had refused to release the information relying on the personal privacy exemption. Because the question of what constitutes an invasion of personal privacy had never been defined, the court adopted the tort standard for what constitutes an invasion of personal privacy. Perkins v.FOIC, supra, 228 Conn. 172. Section 652D of the Restatement (Second) of Torts "defines a tort action for the invasion of personal privacy as being triggered by public disclosure of any matter that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Id. By applying the tort standard, the court specifically rejected a balancing test. There, the court held that the plaintiff failed to prove that the disclosure of the file would be highly offensive to a reasonable person and that the file is not of legitimate public concern. Id., 176.
In the present case, there was an uncontested finding that the notes and tape recordings at issue are personnel, medical or similar files within the meaning of General Statutes § 1-19
(b)(2) [now § 1-210 (b)(2)]. The question remaining, then, is whether the disclosure of the questioned materials would constitute an unwarranted invasion of personal privacy.
The plaintiff urges this court to find that disclosure would involve an invasion of personal privacy because sexual harassment claims involve sensitive issues. It is noteworthy that General Statutes § 1-210 (b)(3)(F) [formerly § 1-19 (b)(3)(F)], exempts from disclosure records of law enforcement agencies that would result in the disclosure of the name and address of the victim of a sexual assault, as defined in the various criminal statutes. Additionally, General Statutes § 54-86 (f) limits the introduction of evidence of the sexual conduct of the victim in any prosecution for sexual assault. However, the legislature has not chosen in express statutory terms to shield from disclosure the identity and sexually explicit other information concerning sexual harassment complainants. Thus, a question of law presented by this appeal is whether the protections afforded victims of sexual assault should be extended to victims of alleged sexual harassment as an invasion of privacy pursuant to General Statutes CT Page 15599 § 1-210 (b)(2) [formerly § 1-19 (b)(2)].
The plaintiff argues that the exemption should be extended to not only the identity of the complainant in the underlying sexual harassment complaint, but also to certain other information concerning the complainant. The other information concerning the complainant is sexually explicit information and information gathered from the investigation which might lead to the disclosure of the identity of the complainant. Again, it is noteworthy that the "whistle-blower" exemption contained in General Statutes § 1-210 (b)(13) [formerly § 1-19 (b)(13)] covers the "records of an investigation" in addition to the name of the employee providing information under the "whistle-blower" statute. This court agrees with the FOIC which states that "[t]he whistle-blower exemption seems to embrace the view that it is difficult to "cut the baby in half by exempting the identity of the complainant, but disclosing other revealing information resulting from an investigation. A cleaner resolution is to go all one way to disclosure of both identity and sexually explicit information, or entirely the other direction to exemption of both categories of information concerning the complainant." (Brief of the Defendant Freedom of Information Commission, p. 9.)
Applying the principles set forth in Perkins, this court must determine first, whether the challenged information relates to a legitimate matter of public concern. There, the Supreme Court stated:
 Sexual relations, for example, are normally entirely private matters, as are family quarrels, many unpleasant or disgraceful or humiliating illnesses, most intimate personal letters, most details of a man's life in his home, and some of his past history that he would rather forget. When these intimate details of his life are spread before the public gaze in a maimer highly offensive to the ordinary reasonable man, there is an actionable invasion of his privacy, unless the matter is one of legitimate public interest. . . .
(Citation omitted). Perkins v. Freedom of Information Commission, supra, 228 Conn. 173.
In the present case, as in Department of Public Safety v.Freedom of Information Commission, 242 Conn. 79 (1997), the complaint and investigation documented relationships between various parties, allegations of sexual improprieties, and the CT Page 15600 observations of those investigating. There is no legitimate public interest in the disclosure of the details of the complainant's personal relationships. This information simply is not of legitimate concern to the public.
But that does not end the inquiry. Under Perkins the materials, although not of legitimate public interest, nonetheless must be disclosed unless they are also found to contain information that is highly offensive to a reasonable person. Perkins v. Freedom of Information Commission, supra, 172-73. This court, having examined the questioned materials, finds the contents fit within the category of private facts about personal relationships which qualify for the statutory exemption. That the issue is complex is evidenced by the fact that the identity of a complainant in a sexual harassment case has not be subject to consistent interpretation by the Freedom of Information Commission itself. Nonetheless, this court finds that the identity of the complainant and related investigative material in a sexual harassment complaint, if disclosed to the public, constitute information which is highly offensive to a reasonable person. It is not just the content of the allegations which should be the focus of the inquiry, but whether disclosure of other information, which would provide the identity or lead to the identity of a person claiming sexual harassment, the details of the alleged sexual harassment, and the findings and impressions of those investigating the charges, would be highly offensive to a reasonable person.
The reluctance of people to come forward is one of the substantial problems when dealing with claims of sexual harassment. The FOIC had the following testimony of Leslie J. Brett, Executive Director, Permanent Commission on the Status of Women:
 We have heard the stories of hundreds of victims of sexual harassment. It is already tremendously difficult for most women and men who have been the targets of such discriminatory conduct to make the decision to bring a formal complaint. Most people already fear that they will be disbelieved, ridiculed, or exposed in some way.
(Return of Record (ROR), p. 90.)
The FOIC recognized the uniquely sensitive issues involved here in its finding of fact: "However, in view of the sensitive CT Page 15601 nature of sexual harassment complaints and the personal and intimate issues involved in this particular sexual harassment complaint, it is concluded that the respondents could have reasonably believed that disclosure of the records would legally constitute an invasion of privacy for purposes of § 1-20a(b), G.S." (ROR, Final Decision, p. 96, ¶ 19.)
The defendants argue that public policy supports the conclusion that identity should not be exempt and that without the sexually explicit information concerning the complainant in this sexual harassment investigation, third parties can not effectively evaluate the plaintiffs' internal investigation of wrongdoing. Such is not the case. Moreover, this is not a question of a "level playing field," since the manager against whom the allegations of sexual harassment were made is not a party to this action.
Public policy militates in favor of non disclosure of the identity and other information concerning an alleged victim of sexual harassment. Indeed, the FOIC heard the testimony of the affirmative action administrator of DEP who documented the difficulties getting both victims and witnesses to come forward in sexual harassment claims because of fear of being exposed and further victimization. This is so regardless of whether the complaint has merit. (ROR, p. 42.) Sexual harassment issues present more substantial privacy concerns than other types of personnel issues. The confidentiality of the information provided in sexual harassment investigations directly impacts the ability of management to investigate and deal with sexual harassment complaints.
Accordingly, this court finds that the information sought to be exempted from disclosure in this case is not of legitimate concern to the public and that the information is highly offensive to reasonable people. The identity of an alleged victim in a sexual harassment complaint, and other information related to the investigation, are exempt from disclosure under the Freedom of Information laws. The disclosure of such information would constitute an invasion of the personal privacy of the complainant.
Based on the foregoing, this court concludes that the FOIC decision was incorrect, in that the law was misapplied to the facts of this case. Accordingly, that portion of the decision of the FOIC which is the subject matter of this appeal is reversed CT Page 15602 and the plaintiffs' administrative appeal therefrom is sustained.
Michael Hartmere, Judge